UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Caryelis B.B.B.,

Civil No. 26-917 (DWF/SGE)

Petitioner,

v.

Pamela Bondi, *Attorney General*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Dawanna S. Witt, *Hennepin County Sheriff*,

MEMORANDUM
OPINION AND ORDER

Respondents.

# INTRODUCTION

This matter is before the Court on Petitioner Caryelis B.B.B.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

# BACKGROUND

Petitioner is a citizen of Venezuela and a resident of St. Paul, Minnesota. (Doc. No. 1 ¶¶ 7,12.) She has a five-year-old son. (*Id.* ¶ 14.) She was granted Temporary Protected Status ("TPS") from January 10, 2025 to April 2, 2025. (Doc. No. 7-1.)

On January 31, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on her way to the grocery store. (Doc. No. 1 ¶ 15.) ICE agents smashed the window of her car and forcibly removed her from the vehicle. (*Id.*) This event left her with injuries such as torn skin from broken glass. (Doc. No. 10 ¶¶ 4-5.) The ICE agents left her car abandoned on the street and took the keys with them. (Doc. No. 1 ¶ 15.) She was first detained at the Whipple Federal Building in Minnesota. (*Id.* ¶ 7.) She has since been transported to the Crow Wing County jail. (Doc. No. 10 ¶ 6.) Another person who was detained with Petitioner at the Whipple Federal Building reported that Petitioner has received only a few apples to eat since her arrest and is still covered in blood and glass from her car window. (*Id.* ¶ 5.)

Petitioner filed the Petition on January 31, 2026. (Doc. No. 1 at 14.) Petitioner asserts that her detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 29-45.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide her with a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 14.) On February 1, 2026, the Court ordered Respondents to answer the Petition on or before February 3, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed a response. (Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That

authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225, pointing the Court to their arguments in a pending Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248, and noting that Petitioner's TPS has expired.  (Doc. No. 6.)  As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C. § 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings.  *See id.* § 1226(a).  Petitioner's previous TPS does not change this analysis.

Here, Petitioner is not an arriving noncitizen because she has been in the United States for over a year, if not longer.  *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country").  Petitioner is

therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a) must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 6). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner: (1) in Minnesota; (2) with all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone; (3) without conditions such as ankle monitors or tracking devices; and (4) with all clothing and outerwear she was wearing at the time of detention, or other proper winter attire. In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2026        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge